■ In the Matter of the Claim of Joseph Czop, Respondent, v. Bethlehem Steel Company, Appellant. Workmen's Compensation Board, Respondent.— Appeal from a decision and award of the Workmen's Compensation Board. Claimant injured his back in the employer's steel plant on December 4, 1952. He had been employed as a "third helper" and after the accident he was given work as a janitor at a lower job classification with less pay. There was a concession by appellant's counsel made before the board that in this job assigned after the accident "he was doing lighter work". There is a specific stipulation by counsel for the employer before the Referee on December 8, 1959 that "there has been a continuing causally related disability, mild in degree". After July 13, 1957 claimant's wages in the lower job classification exceeded the wages he had been paid as "third helper" and no compensation was paid. For certain periods following December 9, 1957 during which the plant was on a four-day week claimant's wages in the lower job classification fell below his wages in the job on which he was injured; and between March and May 20, 1958 there was a general plant lay-off during which period claimant did not work. This case, therefore, would fall within our decision in *Matter of Connor v. Bethlehem Steel Co.* (11 A D 2d 578) unless some distinction can be shown. Appellant argues the distinction that there is here no evidence that claimant was unable to do his usual work after the accident, and adds: "It has been denied that the claimant is unable to do his usual work and the claimant has failed to prove that he is unable." This, however, is fairly from the record of the medical treatment and operation and the release by the employer's own plant surgeon of the claimant "for work of selected nature". In the light of the employer's admission this work was lighter; and the absence of any evidence that the disability had ceased, the inference seems not only reasonable, but inescapable, that claimant could not do his former work. At any rate it was an inference the board was entitled to draw. If in the proceedings before the Referee the employer was contending there was no proof claimant could not perform his former job as third helper, this should have been made perfectly clear. There is no hint of this in the long discussions and series of stipulations at the hearings of October 27, 1957 and December 8, 1959, which closed the record. In the light of the proof and stipulations that were made, the board's decision seems right. Award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Bergan, P. J., Gibson, Herlihy, Reynolds and Taylor, JJ.